UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM HART,

                    Plaintiff,

          -against-

BRONISLAVA SHMAYENIK;
DEPARTMENT OF SOCIAL SERVICES,

                    Defendants.

23-CV-4779 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this suit challenging actions related to his payment of child support. Plaintiff sues the New York City Department of Social Services (DSS), and Bronislava Shmayenik, Director of Administrative Enforcement of the Support Collection Unit of the DSS's Office of Child Support Services.[1] He asserts claims under the Fair Debt Collection Practices Act (FDCPA), 42 U.S.C. § 1692(g); 42 U.S.C. § 1983; federal criminal statutes, and state law. Plaintiff seeks termination of his Income Withholding Order (IWO), as well as recovery of child support payments that he alleges he has paid, and punitive damages.

By order dated June 8, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

---

[1] Plaintiff recently brought an unsuccessful suit against Bronx County Family Court Support Magistrates Denetra Thompson and Jennifer Seiderman. *See Hart v. Thompson*, No. 23-CV-3289 (LTS) (S.D.N.Y. June 12, 2023). After filing this action, Plaintiff filed another action against one of the same defendants, Bronislava Shmayenik, in which he brings essentially the same claims. *See Hart v. Furman*, No. 23-CV-7205 (LTS) (S.D.N.Y.).

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff's complaint. Plaintiff's claims arose at the Bronx Family Courthouse on August 8, 2015, and October 26, 2020. Plaintiff was notified that, if he failed to pay child support as ordered, his driving privileges could be suspended, and he could be arrested. On an unspecified date, an IWO was sent to Plaintiff's employer to attach his wages. (ECF 1 at 7.)

Plaintiff attaches to his complaint two orders of support: an August 6, 2015 order, signed by Support Magistrate Robert Ross of the Family Court of the State of New York, New York County, directing Plaintiff to pay support; and an October 2020 order signed by Support Magistrate Denetra Thompson of the Family Court of the State of New York, Bronx County, modifying Plaintiff's support obligation.

Plaintiff also attaches to the complaint an affidavit from Defendant Shmayenik, which is captioned for the New York State Supreme Court, Kings County, and appears to have been submitted in Plaintiff's 2023 suit in that court against the New York State Office of Temporary Disability and Assistance. (*Id.* at 21-23.) In the affidavit, Defendant Shmayenik details the history of the child support enforcement orders involving Plaintiff and states that the New York City's OCSS (1) implemented an IWO on August 11, 2015, to enforce Plaintiff's obligation under the August 8, 2015 support order; and (2) changed the IWO amount on November 9, 2020, when the August 8, 2015 order was modified. (*Id.* at 22, ¶ 6.)

Plaintiff makes numerous challenges to the child support order against him and its execution.[2] He further alleges that Defendants are violating the FDCPA and a criminal statute

---

[2] Plaintiff argues that: support orders are improperly "made and enforced" by an executive agency rather than "courts and judges," in violation of the separation of powers doctrine; the IWO is a "forged instrument" that was not issued by a court of competent jurisdiction; the child support program applies only to "States," which he understands to be

prohibiting "frauds and swindles," 18 U.S.C. § 1341. Plaintiff seeks termination of the IWO,

reimbursement of $95,000 allegedly paid in child support, plus $8 million in punitive damages.

## DISCUSSION

**A.     Fair Debt Collection Practices Act**

Plaintiff asserts a violation of his rights under the FDCPA. The FDCPA provides that "[a]

debt collector may not engage in any conduct the natural consequence of which is to harass,

oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

"[T]he first question in any claim brought under the FDCPA is whether the allegedly violative

conduct was used in an attempt to collect a 'debt' within the meaning of the FDCPA." *Beal v.

Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 216 (S.D.N.Y. 2009).  The FDCPA defines the

term "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a
> transaction in which the money, property, insurance, or services which are the
> subject of the transaction are primarily for personal, family, or household
> purposes.

15 U.S.C. § 1692a(5).

Courts have concluded that "[c]hild support obligations "do not qualify as 'debts' under

the FDCPA because they were not incurred to receive consumer goods or services. Rather, the

[Department of Social Services] imposed these obligations upon appellants to force them to

---

limited to the District of Columbia, the Virgin Islands, Puerto Rico, Guam, and American
Samoa, and thus does not apply to him; child support payments reimburse welfare payments,
rather than directly supporting children, and thus execution of the IWO violates the Taking's
Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment;
levying against his property is a crime; he did not sign with a wet-ink signature any contract or
loan agreement that would require him to pay child support; child support debts are commercial
debts requiring validation under 31 U.S.C. § 3720(D); the IWO must comply with federal law
regarding seals, 28 U.S.C. § 1691; requiring him to pay child support is a conspiracy against
rights, in violation of 18 U.S.C. § 241; and his property is being seized without a warrant.

fulfill their parental duty to support their children." *Beal*, 615 F. Supp. 2d at 217. Because child

support is not a debt governed by the FDCPA, Plaintiff's allegations that government agencies

used various means to collect child support from him fail to state a claim under the FDCPA.

Moreover, the FDCPA excludes from the definition of "debt collector" officers or

employees of any State or municipality. 15 U.S.C. § 1692a(6)(C) (The term "debt collector" does

not include "any officer or employee of . . . any State to the extent that collecting or attempting

to collect any debt is in the performance of his official duties."); 15 U.S.C. § 1692a(8) ("The

term 'State' means any State . . . or any political subdivision [thereof]"). Defendants New York

City DSS and Shmayenik thus do not qualify as debt collectors for purposes of the FDCPA.[3] For

all of these reasons, Plaintiff's FDCPA claim must be dismissed because these allegations fail to

state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    Claims Under Criminal Law

Plaintiff contends that Defendants' actions, in compelling him to pay child support,

violate criminal statutes prohibiting "frauds and swindles," 18 U.S.C. § 1341, and constitute a

conspiracy against his rights, in violation of 18 U.S.C. § 241. Plaintiff cannot initiate a criminal

proceeding in this Court because "the decision to prosecute is solely within the discretion of the

prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct

prosecuting attorneys to initiate a criminal proceeding, because prosecutors possess discretionary

authority to bring criminal actions, and they are "immune from control or interference by citizen

---

[3] Plaintiff has also not alleged that Defendants used means of collection that violate the FDCPA. *See* 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."); *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 390 (E.D.N.Y. 2011) ("Any attempt to collect a defaulted debt will be unwanted by a debtor," but this does not mean that the conduct qualifies as "an abusive tactic under the FDCPA.") (citation omitted).

or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Accordingly, the Court dismisses Plaintiff's claims for alleged violations of criminal law for

failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Challenge to Income Withholding Order

Plaintiff asks this Court to terminate the IWO, enjoin its enforcement, and refund the

child support collected pursuant to that order. He makes numerous arguments about the

invalidity of the IWO.[4] Federal district courts, however, lack authority to review state court

orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292

(2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002)

(holding that the statute authorizing original federal jurisdiction, 28 U.S.C. § 1331, "does not

authorize district courts to exercise appellate jurisdiction over state-court judgments[.]"); *Dorce*

*v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (district courts are barred from "hearing cases

that in effect are appeals from state court judgments, because the Supreme Court [of the United

States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)).

District court review of claims that complain of injury by state court judgements is

barred, under the so-called *Rooker-Feldman* doctrine,[5] when four requirements are met: (1) the

plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state

court judgment; (3) the plaintiff must invite district court review and rejection of the state court

---

[4] Although Plaintiff suggests that the IWO is merely an administrative determination rather than a court order, under New York law, "the final authority to review determinations made by Hearing Examiners is reserved for Family Court Judges." *Carella v. Collins*, 144 A.D.2d 78, 82 (1989). Plaintiff thus had an opportunity to seek review of a support determination by a New York Family Court Judge.

[5] The *Rooker-Feldman* doctrine takes its name from two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).

A challenge to "the validity or enforcement of [a] child support order itself" constitutes an injury "caused by a state court judgment." *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013); *Davis v. Westchester Cnty. Family Court*, No. 16-CV-9487, 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) ("Courts have repeatedly invoked *Rooker-Feldman* in cases in which plaintiffs challenge family court decrees setting child support arrears.") (internal quotation marks and citation omitted).

When a plaintiff complains of a third party's actions, the *Rooker-Feldman* doctrine applies if the third party's actions caused an injury that was "produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock*, 422 F.3d at 88. Thus, in *Fernandez v. Turetsky*, 645 F. App'x 103, 104-05 (2d Cir. 2016), where the plaintiff challenged the seizure of his car to satisfy child support arrears, the Second Circuit agreed with the district court that plaintiff's injury was "produced by" the state court judgment, and the district court lacked subject matter jurisdiction of his claim. By contrast, the Second Circuit has distinguished cases where the *Rooker-Feldman* doctrine does not apply because the injury preceded (and thus was not caused by) the judgment. *See Dorce*, 2 F.4th at 104 ("[P]laintiffs are permitted to seek damages for injuries caused by a defendant's misconduct in procuring a state court judgment, but not for injuries directly caused by that judgment."). The doctrine also does not bar claims challenging enforcement activity that is "wholly separate from the validity of the underlying order." *Sykes*, 723 F.3d at 404. In *Sykes*, the Second Circuit reversed the district court's decision that the *Rooker-Feldman* doctrine barred it from hearing plaintiff's claims that

his SSI benefits were not subject to levy to satisfy an outstanding child support obligation; the Second Circuit held that plaintiff's challenge to wrongful levy on certain assets was "wholly separate" from the validity of the judgment.

Here, Plaintiff argues that the IWO is invalid and seeks to enjoin its enforcement on that basis. Plaintiff thus complains of injuries caused by the allegedly invalid IWO – not an injury that is separate from the validity of the underlying order. Because the Court lacks authority to reconsider the Family Court's determination that Plaintiff owes child support, or the amount owed, Plaintiff's claims against DSS and Defendant Shmayenik, seeking to overturn the IWO as invalid and enjoin its enforcement, must be dismissed for lack of subject matter jurisdiction.

**D.      Fourth Amendment Claim**

Plaintiff alleges that collection of child support from him violates his rights under the Fourth Amendment to be free from seizures. "The Fourth Amendment indicates with some precision the places and things encompassed by its protections: persons, houses, papers, and effects." *Florida v. Jardines*, 569 U.S. 1, 6 (2013) (internal quotation marks omitted) (quoting *Oliver v. U.S.*, 46 U.S. 170, 176 (1984)).[6] Courts in this Circuit faced with claims that collection of child support violates the Fourth Amendment have rejected them, among other reasons, because such claims do not implicate the search or seizure of the plaintiff's "person, house, papers, or effects." *Abrahams v. Connecticut Dep't of Soc. Servs.*, No. 3:16-CV-00552 (CSH), 2018 WL 995106, at *9 (D. Conn. Feb. 21, 2018) ("The monies collected from Plaintiff towards payment of his purported child support debt are not protected by the Fourth Amendment.").

---

[6] The Due Process Clause of the Fourteenth Amendment extended the protection of the Fourth Amendment to searches and seizures by state government, as well as federal. *Mapp v. Ohio*, 367 U.S. 643, 654 (1961).

Plaintiff's Section 1983 claim that collecting child support violates his Fourth Amendment rights must therefore be dismissed for failure to state a claim on which relief can be granted.

## E.    Claims Against Defendant Shmayenik

Plaintiff may intend to sue Defendant Shmayenik in her personal capacity for her actions in submitting an affirmation in his litigation in the state court in Kings County. Court witnesses, however, are absolutely immune from liability under Section 1983 for damages for alleged constitutional violations based on their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012). This immunity has been extended to witnesses in Family Court proceedings, *see, e.g.*, *Buchanan v. Ford*, 638 F. Supp. 168, 171 (N.D.N.Y. 1986), and has been applied to written reports submitted in such proceedings, *Yi Sun v. Saslovsky*, No. 1:19-CV-10858 (LTS), 2020 WL 6828666, at *5 (S.D.N.Y. Aug. 6, 2020) (dismissing, based on absolute witness immunity, claims against clinical psychiatrist who submitted a report pursuant to an order of the Family Court, which allegedly contained "many mistakes"). Defendant Shmayenik is immune from suit for her submission of an affidavit regarding Plaintiff's child support obligations in court proceedings. The Court therefore dismisses, based on absolute immunity, Plaintiff's personal-capacity claim against Defendant Shmayenik based on her affirmation submitted to the state court. 28 U.S.C. § 1915(e)(2)(B)(iii).

## F.    State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### G.     Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, nothing in Plaintiff's complaint suggests that his pleading is merely inartful or underdeveloped and that the deficiencies of the complaint could be cured by better pleading; rather Plaintiff's claims fail as a matter of law. Although it therefore appears that amendment would be futile, in light of Plaintiff's *pro se* status, the Court will hold this matter open on the docket for 30 days to allow Plaintiff to submit an amended complaint if he wishes to do so.

## CONCLUSION

The Court dismisses for lack of subject-matter jurisdiction Plaintiff's claims challenging the validity of the IWO and its enforcement, which are asserted against DSS and Defendant Shmayenik in her official capacity. *See* Fed. R. Civ. P. 12(h)(3). The Court dismisses Plaintiff's personal-capacity claims against Defendant Shmayenik, for her participation in state court proceedings, based on absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(iii). The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court will not enter judgment at this time and will hold this matter open on the docket for 30 days to allow Plaintiff to file an amended complaint if he wishes to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 30, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge