UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM HART,

               Plaintiff,

-against-

DEPARTMENT OF SOCIAL SERVICES,

               Defendant.

23-CV-4779 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendants violated his rights in connection with collection of child support payments. By order dated October 30, 2023, the Court dismissed Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B) but permitted him to file an amended complaint. Plaintiff filed an amended complaint on November 29, 2023, and the Court has reviewed it. Plaintiff asserts claims under 42 U.S.C. § 1983 against the New York City Department of Social Services (DSS). For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Malcolm Hart alleges the following:

> In 1934, the government came out with a program called Title 4A to give grant to states to assist needy family. So they give these grants to needy families. Grant is identified as a gift. Gift is defined as legally transfer or voluntary transfer without compensation. So Congress was very clear that these grants were not to be paid back. But then 40 years later they are giving out too much money, they says wait hold on now we need to go after the non custodial parent to combat title 4A. So they came up with title 4d. Title 4D is very very aggressive. They come out the gate saying we are enforcing and I have a legal obligation to pay back a debt which was given out as a grant. Which is a gift. And I don't have to pay that back a grant.

(ECF 6 at 8.)

Plaintiff further argues that the Fair Debt Collection Practices Act applies "because child support is a customer service and when they threaten me with default they are admitting that it is a consumer debt." (*Id.* at 8.) He notes that the Income Withholding Order refers to the "Consumer Credit Protection Act," in an apparent attempt to support his argument that child support qualifies as a consumer debt covered by the FDCPA.

Plaintiff further argues that "the agency must still [provide] proof of an obligation agreement," and that "default by non-performance by alleged obligor can only occur if there is evidence of an undertaking agreement between child support agency and myself . . . Where is the

2

undertaking agreement?" (*Id.* at 9.) Plaintiff does "not recall . . . borrowing any credit [or] signing an undertaking for repayment . . . of welfare expenditure[s]. . . ." (*Id.*)

Plaintiff argues that, with regard to child support enforcement, "the states participation entitled for these services are voluntary which proves it is not a law and if it's voluntary for the state then it's voluntary for the parents being forced to pay support. Therefore, I'm kindly and respectfully demanding to unvolunteer myself." (*Id.*)

Plaintiff also suggests that the Family Court Support Magistrate Judges cannot be impartial because, in his understanding, their salaries are paid from monies collected from enforcement of such support orders. (*Id.* at 10.)

Plaintiff argues that "the Income Withholding Order is [a seizure] without a warrant under the Fourth Amendment." (*Id.* at 11.) Moreover, in Plaintiff's view, the IWO is invalid "because it lacks the judicial signature by a clerk in accordance with 28 U.S.C. 1691." (*Id.* at 12.) He contends that due process has been suspended and that the "agency has stolen [his] property without a valid court order to have [him] pay a debt that does not exist." (*Id.* at 15.) He has "anger issues" because he is "forced to work to pay a so-called debt." (*Id.*)

Plaintiff sues the New York City DSS, seeking $95,000 in compensatory damages and $8 million in punitive damages.

## DISCUSSION

Plaintiff's claims against the New York City DSS must be dismissed because this agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also*

*Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Even if the Court were to liberally construe Plaintiff's claims against the New York City DSS as having been brought against the City of New York, the allegations fail to state a claim on which relief can be granted. Plaintiff's amended complaint simply reiterates the arguments that the Court addressed and dismissed in its October 30, 2023 Order of Dismissal With Leave to Replead (ECF 5). He again asserts that requiring him to pay child support: (1) violates the Fair Debt Collection Practices Act (FDCPA); (2) is an unlawful seizure, in violation of the Fourth Amendment; and (3) violates his rights because the Support Magistrates have a conflict of interest arising from the manner in which they are paid, and his support order and income withholding orders are invalid.

As explained in the Court's October 30, 2023 order, the FDCPA governs collection practices involving consumer debts, and does not apply to child support payments. *See Beal v. Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 216 (S.D.N.Y. 2009) ("Child support obligations "do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services. Rather, the [Department of Social Services] imposed these obligations upon appellants to force them to fulfill their parental duty to support their children."). Moreover, Plaintiff does not allege any facts suggesting that Defendant used harassing or abusive means of collection that violate the FDCPA. *See* 15 U.S.C. § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."); *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 390 (E.D.N.Y. 2011) ("Any attempt to collect a defaulted debt will be unwanted

4

by a debtor," but this does not mean that the conduct qualifies as "an abusive tactic under the FDCPA." (citation omitted)).

Claims that collecting child support is a seizure violating the Fourth Amendment have also been rejected. *See, e.g.*, *Abrahams v. Conn. Dep't of Soc. Servs.*, No. 3:16-CV-00552 (CSH), 2018 WL 995106, at *9 (D. Conn. Feb. 21, 2018) ("The monies collected from Plaintiff towards payment of his purported child support debt are not protected by the Fourth Amendment.").

The Court also previously explained that any attempt to modify or appeal a Family Court support order must be pursued in state court. (ECF 5 at 6-8.) Plaintiff's claims for injuries caused by the Family Court support order, such as his request to return monies collected pursuant to those orders, seek to overturn the support order. As such, the federal district court lacks jurisdiction of such claims. *See, e.g.*, *Adams v. Vt. Off. of Child Support*, 717 F. App'x 33, 34 (2d Cir. 2017) (summary order) (*Rooker-Feldman* doctrine barred action seeking "an injunction relieving [the plaintiff] of the obligation to pay child support, preventing the garnishment of her future wages, and requiring the return of the monies already collected from her, as well as an award of damages for injuries caused by the child support obligation").

Plaintiff's amended complaint, which does not assert any viable claim and raises no claim that is new or different from those raised in his original complaint, is therefore dismissed for failure to state a claim on which relief can be granted as to the federal claims. The Court declines to exercise supplemental jurisdiction of any state law claims.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915, is dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court

declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated: April 15, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge